IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| FIDEL TRONCOSO, # 1145399 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-063 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Fidel Troncoso, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent filed a Motion to Dismiss For Failure to Exhaust State Court Remedies. In response, Petitioner filed a "Motion to Stay [the] Proceedings in Order to Exhaust State Remedies" (hereinafter "Motion to Stay"). Respondent has filed no response to Petitioner's Motion to Stay. Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 23rd District Court of Brazoria County, Texas in Cause No. 42,161 on January 9, 2003. Petitioner was charged with first degree murder. He pled "not guilty" and the case was tried to a jury. After hearing all the evidence the jury found Petitioner guilty of murder and sentenced him to fifty-five (55) years confinement.

1

Petitioner appealed his conviction.  The court of appeals affirmed his conviction on March 24, 2004.  *Troncoso v. State*, No. 03-00065-CR (Tex.App.–Texarkana 2004, pet.ref'd), 2004 WL 573659.  Petitioner's Motion for Rehearing was denied on April 13, 2004.  A Petition for Discretionary Review ("PDR") was not initially filed.  On December 20, 2004, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. In his state writ he raised numerous claims to include the claim that his appellate attorney failed to advise him regarding his right to pursue a PDR.  *Ex parte Tronoso*, App. No. 75205 at 2-30. On June 22, 2005, the Texas Court of Criminal Appeals granted him permission to file an out-of-time PDR and dismissed his remaining grounds for relief.  *Id.*  Petitioner filed a PDR with the Court, which was refused on October 5, 2005.  *Troncoso v. State*, PDR No. 1099-05.  Petitioner filed the instant writ in federal court on January 25, 2006.

In this writ, Petitioner asserts four general grounds for which he claims relief.  These grounds consist of the following:

1).  He was denied effective assistance of trial counsel because his attorney failed to: (a) object to Dr. Pustilnik's testimony which was used to inflame the jury; (b) object to State Exhibits 30 and 31; (c) object to the State's presentation of photographs of the victim; (d) pursue the lesser offense of sudden passion instead of first degree murder because the evidence did not support murder; (e) submit a charge of sudden passion to the jury at punishment, (f) investigate mitigation evidence, (g) attempt to exclude the admission of State Exhibits 27, 28, and 29; and (h) pursue an alternative defense of self-defense;

2).  He was denied effective assistance of counsel on appeal when appellate counsel failed to notify him of the outcome of his appeal and the right to file a PDR, thereby, preventing him from filing a PDR;

3).  The evidence was insufficient to convict him of first degree murder; and

2

4).  His conviction is void.

Pet. at 7-10; *see also* Pet'r Memo. at 23-24.  Respondent contends that Petitioner's claims should be dismissed without prejudice because he has failed to exhaust his state court remedies.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to exhaust all state remedies before filing a federal write of habeas corpus by presenting them to a state's highest court.  28 U.S.C. § 1154(b)(1)(A); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  In Texas, this means Petitioner was required to file a writ pursuant to Article 11.07 of the Texas Code of Criminal Procedure or present all of the instant claims to the Texas Court of Criminal Appeals in his PDR.  *See Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Whitehead*, 157 F.3d at 387.  If all the claims stated in a federal habeas petition do not satisfy the exhaustion requirement, the entire petition must normally be dismissed as a "mixed petition" for the failure to exhaust state remedies.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Having reviewed the state records, this Court agrees with Respondent that Petitioner has not yet exhausted his state court remedies.  *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) (a dismissal of claims by the Texas Court of Criminal Appeals, as opposed to a denial, is not considered a final disposition on the merits).  Dismissal of the entire Petition, however, poses a potentially fatal dilemma for Petitioner.  Although the AEDPA's statutory period is tolled while a properly-filed state writ is pending, it is not tolled while the instant federal Petition has been before this Court.  *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999).

Therefore, if the instant Petition is dismissed, as Respondent requests, any subsequent federal petition would be time barred.

Like many appellate courts, the Fifth Circuit has held that it is within a federal court's discretion to abate a habeas petition where dismissal without prejudice would effectively result in the denial of all federal review. *Brewer v. Johnson,* 139 F.3d 491 (5th Cir. 1998). In fact, the Supreme Court in *Rhines* clarified that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Under the particular circumstances of this case, this Court believes good cause exists for Petitioner's failure to properly exhaust these claims with the state court. Specifically, the state records reflect that Petitioner did present the various issues for which he now claims relief to the state court, but the state court, in granting him relief to file a PDR, did not rule on the other claims presented in his state writ, nor were the issues raised in his PDR. As such, there has been no final disposition of his claims in state court and, under Texas law, it does not appear that Petitioner would be automatically precluded from presenting these issues in a subsequent writ. *See Ex parte Torres*, 943 S.W.2d at 472; *see also Ex parte Barber*, 879 S.W.2d 889, 891 (Tex.Crim.App. 1994) (court held "good cause exists for hearing second writ of habeas corpus where point of error has been previously raised by applicant in a writ of habeas corpus but was not decided upon by court, and is again raised in subsequent writ."). Finally, Petitioner's claims do not appear to be plainly meritless, nor does it appear that he "engaged in intentionally dilatory

4

litigation tactics." *Rhine*, 544 U.S. at 278.  Therefore, in order to avoid Petitioner being time-barred from seeking habeas relief following his return to the state courts, this Court recommends that Petitioner's instant writ should be held in abeyance and the proceedings stayed to permit Petitioner to return to the state courts to exhaust his unexhausted claims.

Notwithstanding its recommendation, this Court recognizes that a federal habeas action should not be stay indefinitely and a federal district court is thereby permitted to "place reasonable time limits on a petitioner's trip to state court and back."  *Rhines*, 544 U.S. at 277-78.  Accordingly, the Court's recommendation to grant the Motion to Stay is conditioned upon the Petitioner pursuing his state court remedies within 60 days after the stay is entered <u>and</u> returning to federal court within 60 days after the state court exhaustion is completed.  If Petitioner fails to comply with these conditions in a timely manner, the Court **NOTIFIES** Petitioner that it will dismiss the present Petition without prejudice.

<u>Conclusion</u>

For the reasons stated, this Court **RECOMMENDS** that, subject to the conditions set forth below, Petitioner's Motion to Stay (Instrument No. 11) be **GRANTED** and that Respondent's Motion to Dismiss (Instrument No. 9) be **DENIED** without prejudice.

This Court further **RECOMMENDS** that Petitioner's Motion to Stay be subject to the following conditions:

(1)  Petitioner must file a state court writ within 60 days of the date of the District Court Judge Order.  If Petitioner fails to file a motion for relief from judgment in state court by that date, the Court will dismiss the present Petition without prejudice;

(2)  If Petitioner files a motion for relief from judgement, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the completion of his state court post-conviction remedies of these claims; and

(3).  After exhaustion of the state claims, Petitioner must then move to reopen his federal Petition and file an amended Petition, which includes the newly-exhausted claims, within 60 days after the conclusion of the state court post-conviction proceedings.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **September 27, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____12th_____ day of September, 2006.

John R. Froeschner
United States Magistrate Judge