IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| FIDEL TRONCOSO, # 1145399 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-063 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TDCJ-CID | § | |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge that was entered on September 12, 2006. Respondent has filed his Objections to the Report and Recommendation in a timely manner. Petitioner has filed no objections.

In his Objections, Respondent contends good cause to stay the proceedings does not exist because Petitioner knew or should have known his claims were unexhausted, but " deliberately presented" the Court with a mixed petition even though he had 32 days before the federal statutory deadline expired to file a state writ. Contrary to Respondent' s assertions, there is simply no evidence in the record to support the conclusion that there were any deliberate actions on the part of Petitioner to forestall the running of the federal statute of limitations. Instead, the record reflects that Petitioner presented the various issues to the state court, but none were ruled upon because the state court dismissed, as opposed to denied, his claims. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) (a dismissal, as opposed to a denial, is not considered a final disposition on the merits); *see also Ex parte Barber*, 879 S.W.2d 889, 891 (Tex.Crim.App. 1994) (court held " good cause exists for hearing second writ of habeas corpus where point of

error has been previously raised by applicant in a writ of habeas corpus but was not decided upon by court, and is again raised in subsequent writ."). Furthermore, at this juncture, the Court can not conclude that Petitioner's claims of ineffective assistance of trial counsel, which appear to remain unexhausted, are plainly meritless. The Court therefore finds Respondent's Objections without merit.

Having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court finds that the Report and Recommendation is correct and it is, therefore, **ACCEPTED** by this Court in its entirety and incorporated by reference herein.

Accordingly, the Court **ORDERS** that Respondent's Motion to Dismiss (Instrument No. 9) is **DENIED** without prejudice; and that Petitioner's Motion to Stay (Instrument No. 11) his Petition for Writ of Habeas is **GRANTED** subject to the following conditions:

(1) Petitioner must file a state court post-conviction writ within 60 days of the date of this Order. If Petitioner fails to file a state court writ by that date, the Court will dismiss the present Petition without prejudice;

(2) If Petitioner files a state court post-conviction writ, he shall notify this Court that such motion papers have been filed in state court. The instant case shall then be held in abeyance pending the completion of his state court post-conviction remedies of these claims;

(3). After exhaustion of the state court claims, Petitioner must then move to reopen his federal Petition and file an amended Petition, which includes his now exhausted claims, within 60 days after the conclusion of the state court post-conviction proceedings; and

(4) If Petitioner fails to comply with these conditions in a timely manner, the Court **NOTIFIES** Petitioner that it will dismiss the present Petition without prejudice.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this Order shall be considered a dismissal or disposition of this matter.

**DONE** at Galveston, Texas this 26th day of October, 2006.

_____
Samuel B. Kent
United States District Judge